# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RODRIGO ZAMALLOA and § <br> MANUEL ZAMOLLOA, § <br> § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> THOMPSON LANDSCAPE SERVICES, INC., § <br> and AUTUMN NICOLE CASEY, § <br> § <br>     Defendants. § | Case No. 4:17-cv-00519-ALM-KPJ |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 3, 2018, the report of the Magistrate Judge was entered (s*ee* Dkt. #32) containing proposed findings of fact and recommendations that Defendants Thompson Landscape Services, Inc. ("Thompson") and Autumn Nicole Casey's ("Casey") (collectively, "Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion") (Dkt. #13) be denied.

Defendants filed objections to the report (Dkt. #33), and Plaintiffs filed a response (Dkt. #35). The Court has made a *de novo* review of the objections raised by Defendants and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts

the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

Plaintiffs Rodrigo Zamalloa and Manuel Zamalloa (collectively, "Plaintiffs") brought this action under the Fair Labor Standards Act ("FLSA") and Texas contract law to recover wages they allege Defendants owe to them. *See generally* Dkt. 1 at ¶ 1. Plaintiffs, authorized to enter and work in the United States pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b) (the "H-2B Visa Program" or the "Program"), allege that Defendants compensated them on a piece-rate basis for their work but failed to pay them the required overtime wages for hours worked over forty in a workweek in violation of the FLSA. Id. at ¶¶ 20-22. Plaintiffs further allege that Defendants breached their employment contracts with Plaintiffs because the piece-rate compensation resulted in Plaintiffs receiving less than the prevailing wage rate expressly promised to them. *Id*. In the alternative to their breach of contract claim, Plaintiffs allege that if the employment contract did not contain a wage rate, Plaintiffs are entitled to compensation in *quantum meruit* for the services provided to and accepted by Defendants. *Id*. at ¶ 38.

Defendants argue that Plaintiffs have failed to allege a FLSA violation because Plaintiffs' conclusion that Defendants violated the FLSA by paying too little is based on the wrong formula. *See* Dkt. 13 at 4. Defendants also argue that Plaintiffs' state law causes of action for breach of contract or, in the alternative, *quantum meruit*, should be dismissed because they are preempted by federal law. *Id*.

## II. DISCUSSION

In objecting to the Magistrate Judge's finding regarding the sufficiency of Plaintiffs' FLSA claim, Defendants challenge the basis by which Plaintiffs assert they were not

appropriately paid overtime. *See* Dkt. 33 at 3. "Overtime pay is calculated not by dividing promised pay by the hours worked, but rather by dividing the total actual pay by the total hours worked per pay period." *Id*. Thus, Defendants continue to challenge the computation formula used by Plaintiffs to conclude they were not paid one and one-half times the regular rate. *Id*. However, at the Magistrate Judge explained, this argument goes to the merits of Plaintiffs' FLSA claim, not whether the claim was sufficiently pleaded. *See* Dkt. 32 at 4, 6. Accordingly, this objection is **OVERRULED**.

As to Plaintiffs' state law claims, Defendants argue that Plaintiffs lack standing to enforce the H-2B regulations. *See* Dkt. 33 at 3-5. Defendants' cursory summation of Plaintiffs' state law claims as "a single, alleged violation of the H-2B regulations: non-payment of the prevailing wage" (*id*. at 5) misconstrues the allegations in Plaintiffs' complaint. As the Magistrate Judge explained, Plaintiffs here do not "assert[] a private right of action under either the INA or the H-2B regulations [but rather, they] are asserting contract and *quantum meruit* claims under state law." Dkt. 32 at 12. Defendants' reliance on *SCI Tex. Funeral Servs. v. Hijar*, 214 S.W.3d 148 (Tex. App. 2007), as support for the proposition that Texas law does not permit a plaintiff to create a private cause of action by alleging a violation of a federal regulation to satisfy an element of a state common law claim is unavailing. *See* Dkt. 33 at 3-4 (citing *Hijar*, 214 S.W.3d at 154). *Hijar* is readily distinguishable because there, unlike here, the plaintiffs specifically alleged a violation of the federal "Funeral Rule" as one of their causes of action. *See id*. at 153. Although Defendants relentlessly pursue their "no private right of action" theory, that is simply not the substance of Plaintiffs' state law causes of action. Furthermore, Plaintiffs have sufficiently asserted the elements of their state law contract and *quantum meruit* claims, and those elements do not rely on an asserted violation of any federal law, as was the case in

*Hijar*. Based on the foregoing, this objection, as well as its corollary, that Texas law would preempt a private right of action, is **OVERRULED**.

### III. CONCLUSION

Because Plaintiffs' complaint states plausible claims for relief under the FLSA and for the state law claims of breach of contract and *quantum meruit*, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #13) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 12th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE